**UNITED STATES of America**

v.

**Clement MESSINO.**

No. 93 CR 294–2.

United States District Court,
N.D. Illinois,
Eastern Division.

March 11, 1996.

John L. Sullivan, Magidson & Sullivan, Chicago, Illinois, for Estate of Biagio Messino, Maribeth Messino and Joseph Messino.

Joseph Storto, Storto, Kalal & Finn, Bensenville, Illinois and E.E. Edwards, Edwards & Simmons, Nashville, Tennessee, for Ted Borowski.

Matthew M. Schneider, Asst. U.S. Atty., Chicago, Illinois, for the United States.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALESIA, District Judge.

On February 12, 1996, the court held an evidentiary hearing on the third-party claim of Maribeth Messino to 13.27 acres of land in Monee, Illinois ("Monee property"), which was ordered forfeited in connection with the above-captioned criminal case.

The court, based upon the credible evidence of record, makes the following Findings of Fact and Conclusions of Law.

## I. FINDINGS OF FACT

**Facts**

1. The jury returned a special verdict of forfeiture as to the Monee property at the end of the criminal trial of Clement and Christopher Richard Messino.

2. The court entered a preliminary order of forfeiture against the Monee property on August 21, 1995.

3. John Platek ("Platek") had owned the vacant Monee property for seven years when Clement Messino asked to buy it from him in 1990.

4. Clement Messino purchased the Monee property from Platek for $40,000 in cash. Clement Messino made approximately seven cash payments to Platek for the property in 1990 and 1991.

5. In May or June 1991, Maribeth Messino drove with Clement Messino to a vacant piece of property in Monee, Illinois.

6. The closing for the transaction took place at Clement Messino's attorney's office on June 17, 1991. Present at the closing were Clement Messino, Platek, and Kathy Lewis ("Lewis"), Clement Messino's girlfriend.

7. Clement Messino's attorney, Michael Gubbins, completed the paperwork for the transfer of the Monee property, and put title

to the Monee property in joint tenancy for Maribeth Messino and Lewis.

8. Maribeth Messino did not attend the closing.

9. Maribeth Messino's grandmother, Betty Messino, died August 1, 1991, almost two months after the closing on the Monee property.

10. Betty Messino's will did not name Maribeth Messino as a beneficiary.

11. Clement Messino told George Thorpe that he had purchased some property in Monee and put it in somebody else's name.

12. The jury in the criminal trial found Clement Messino guilty of money laundering as charged in Count Eleven of the superseding indictment in connection with the purchase of the Monee property.

**Witnesses**

*Claimant's witness*

13. **Maribeth Messino** testified on her own behalf at the February 12, 1996, hearing before this court regarding the Monee property.

*Government's witnesses*

14. **John Platek** testified at the criminal trial of Clement and Christopher Richard Messino.

15. **Kathy Lewis** testified at the criminal trial of Clement and Christopher Richard Messino.

16. **George Thorpe** testified at the criminal trial of Clement and Christopher Richard Messino.

**Credibility Findings**

17. **Maribeth Messino's** testimony was sketchy and not overly informative. She had little personal knowledge of the events surrounding the purchase of the Monee property. Rather, virtually all of the information about which she attempted to testify was in the form of hearsay, which the court ruled inadmissible. Thus, Maribeth Messino's testimony shed little light on the Monee property purchase.

The other evidence indicated that Clement Messino purchased the property with cash.

The method by which he paid for the house is consistent with how he laundered money.

18. **John Platek, Kathy Lewis,** and **George Thorpe** did not testify at the February 12, 1996, hearing before this court, and this court was not the trier of fact at the criminal trial at which they testified. Thus, this court cannot make a credibility finding as to these witnesses. However, the court notes that the trier of fact at the criminal trial, the jury, returned a special verdict of forfeiture against the Monee property based on the testimony of these witnesses. Thus, the inference is that the jury found these witnesses credible.

## II. CONCLUSIONS OF LAW

1. In addition to the testimony and evidence presented at the February 12, 1996, hearing before this court, the court shall consider the relevant portions of the record of the criminal case that resulted in the order of forfeiture against the Monee property. 21 U.S.C. § 853(n)(5).

2. In order for claimant Maribeth Messino to succeed on her claim for the Monee property, she must establish by a preponderance of the evidence that she has a legal right, title, or interest in the Monee property, and that her right, title, or interest renders the order of forfeiture for the Monee property invalid in whole or in part, because the right, title, or interest was vested in Maribeth Messino rather than in Clement Messino or was superior to any right, title, or interest of Clement Messino at the time of the commission of the acts that gave rise to the forfeiture of the Monee property. *See* 21 U.S.C. § 853(n)(6)(A).

3. Claimant Maribeth Messino has failed to sustain the foregoing burden, and therefore has not established that she has a right to the property referred to as 13.27 acres of land in Monee, Illinois.

## III. DECISION

Claimant Maribeth Messino's claim to 13.27 acres of land in Monee, Illinois, is denied.